UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SOSA,<br><br>        Plaintiff,<br><br>    v.<br><br>GIL RUBIO, dba CARNICERIA &<br>TAQUERIA MEXICO; HARPREET KAUR,<br><br>        Defendants. | 1:10-cv-01446 LJO GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFENDANTS' MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT**<br><br>(Docket Numbers 14 & 17) |

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 12, 2010, Plaintiff Jesus Sosa filed a Compliant against Defendants GIL RUBIO dba CARNICERIA & TAQUERIA MEXICO and HARPREET KAUR. The Complaint seeks damages and injunctive relief pursuant to the Americans with Disabilities Act, California Civil Code sections 51, 54 and 54.1, and the California Health and Safety Code. Plaintiff, a disabled wheelchair user, alleged that Defendants operate a store and restaurant located in Madera, California. According to Plaintiff, when he visited the store and restaurant he encountered barriers that interfered with his ability to use and enjoy the goods, services,

1

privileges and accommodations offered.  Plaintiff seeks an injunction, statutory damages, and attorney's fees and costs.  (*See* Doc. 2.)

According to the Complaint, on an unidentified date, Plaintiff went to the Carniceria & Taqueria Mexico and encountered barriers associated with parking spaces, ramps, signs, doormats, toilet facilities, seating and access.  The Complaint identifies approximately forty-seven separate "barriers."  Further, Plaintiff alleges that he is deterred from visiting the store and restaurant as a result.  He contends that the barriers complained of are easy to remove, but Defendants have intentionally refrained from making the necessary alternations to comply with accessibility standards. (Doc. 2.)

On September 17, 2010, Plaintiff filed a proof of service indicating that Defendant Rubio was served by substituted service at the Carniceria & Taqueria Mexico, located at 222 Gateway Drive in Madera, California, on September 2, 2010, at 9:30 a.m.  The process server left the summons and related papers with Martha Falcon, the person apparently in charge.[1] (Doc. 8.) That same date, Plaintiff also filed a proof of service indicating that Defendant Kaur was personally served on September 9, 2010. (Doc. 7.)

On November 16, 2010, the Clerk of the Court entered default as to Defendants Rubio and Kaur. (Docs. 11-12.)

---

[1]Subdivision (h)(1) of Rule 4 of the Federal Rules of Civil Procedure, provides as follows:
> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>   (A) in the manner prescribed by Rule 4(e)(1) for servicing an individual; or
>   (B) be delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant . . . .

2

On December 6, 2010, Plaintiff filed a Motion for Default Judgment, setting the matter for hearing on January 7, 2011. (Doc. 14; *see also* Docs. 15-16.)

On January 4, 2011, Defendants filed a Motion to Set Aside the Clerk's Default. (Doc. 17.)

On January 6, 2011, the Court adopted the Stipulation of the parties wherein the motions were rescheduled to be heard on the same date, or February 25, 2011, and the scheduling conference was reset for March 14, 2011. (Doc. 19.)

On February 1, 2011, Plaintiff filed his Opposition to Defendants' motion. (Doc. 20.)

On February 23, 2011, this Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 230(g).[2] The hearing scheduled for February 25, 2011, was vacated and the matter was deemed submitted for written findings. (Doc. 21.)

## DISCUSSION

The district court has "especially broad" discretion in deciding whether to set aside an entry of default. *United States v. Brady*, 211 F.3d 499, 504 (9th Cir. 2000). Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside default for "good cause shown." The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The good cause analysis considers three factors: (1) whether Defendants engaged in culpable conduct that led to the default; (2) whether Defendants have a meritorious defense; or (3) whether reopening the default judgment would prejudice Plaintiff. *Franchise Holding II, LLC*, 375 F.3d at 926. The court may deny the motion if any one of these factors exists. *Id*.

---

[2] The Court carefully reviewed and considered all of the pleadings, including arguments, points and authorities, declarations, and exhibits. Any omission of a reference to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

3

1.  *Culpable Conduct*

Defense counsel declares that the failure of Defendants to file a timely answer to Plaintiff's complaint following service of same was "based upon defendants' counsel's mistake" in believing that Plaintiff would be "amending his complaint and re-serving it . . .." (Doc. 17-1 at 1.) In his declaration, Steven A. Geringer[3] indicated that after being retained by Defendants he was advised that Defendant Kaur was not the true property owner; rather, the property was owned solely by Defendant Kaur's husband "as his sole and separate property." (Doc. 17-2, ¶ 3-4.) Therefore, Mr. Geringer contacted Plaintiff's counsel and informed her of this "error" and provided Plaintiff's counsel with the name of the proper owner. Mr. Geringer also agreed to accept service of the amended complaint. (Doc. 17-2, ¶ 6.) Counsel declares that he "understood that the complaint . . . would be amended to properly assert the claims . . .." (Doc. 17-2, ¶ 8.)

These circumstances constitute mistake or good cause, as there is no evidence that Defendants' conduct was "willful, deliberate, or evidence[d] . . . bad faith." *TCI Group Life Ins. Plan*, 244 F.3d at 696-697 (defendant's conduct is culpable if the defendant receives actual or constructive notice of the filing of the action and intentionally failed to file an answer). Taken on its face, counsel's understanding, even if mistaken, that the complaint would be amended and re-served, does not amount to willful or deliberate conduct, nor does it evidence bad faith.

2.  *Meritorious Defense*

A defendant seeking to set aside an entry of default must present specific facts that would constitute a defense. *Knoebber*, 244 F.3d at 696. However, this burden is not "extraordinarily heavy," as a movant need only demonstrate law or facts showing that a sufficient defense is assertable. *Id*. at 700.

---

[3] The Court acknowledges that Mr. Geringer apparently represents other defendants in other actions filed by Plaintiff now pending before this Court. *See* case numbers 10-cv-1454, 10-cv-1494, and 10-cv-1577. Those matters are assigned to Magistrate Judges Oberto and Seng, and thus will be decided accordingly.

1    Here, Defendants contend that they have a meritorious defense to the complaint.  (*See*
2 Doc. 17 at 2.)  As to Defendant Kaur specifically, she is purportedly not the owner of the subject
3 property as identified in the complaint.  Apparently, Defendant Kaur's husband is the sole and
4 separate owner of the property.  (Doc. 17-1 at 2.)  In any event, the Court finds that Defendants
5 have demonstrated a meritorious defense to Plaintiff's complaint.

   **3.    *Prejudice to Plaintiff***

7    Finally, the Court must consider whether Plaintiff will suffer any prejudice if the entries
8 of default are set aside.  *Knoebber*, 244 F.3d at 696.  To be prejudicial, the setting aside of the
9 default "must result in greater harm than simply delaying the resolution of the case.  Rather, the
10 standard is whether the plaintiff's ability to pursue his claim will be hindered."  *Id*. at 701, citing
11 *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1994).

12    Plaintiff's pleadings do not establish or assert a greater harm than delay in the resolution
13 of this matter.  In fact, Plaintiff failed to discuss the issue of prejudice.  While the Court may
14 agree with Plaintiff that counsel for Defendants delayed even further after his clients' defaults
15 were entered by the Clerk of the Court, counsel's behavior does not amount to a greater harm
16 than simple delay of the resolution of this matter.

## CONCLUSION AND RECOMMENDATIONS

18    The Court finds that the above factors weigh in favor of setting aside the Clerk's entries of
19 default against Defendants Rubio and Kaur.  Generally, there is a presumption to try cases on
20 their merits, and the instant case does not warrant a departure from this presumption.  *See In re*
21 *Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).  Accordingly, Defendants' motion to set aside entry
22 of default should be GRANTED.  Relatedly, Plaintiff's motion for default judgment should be
23 DENIED.

24    These findings and recommendations are submitted to the district judge assigned to this
25 action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local
26 Rule 304.  Within fifteen (15) days of service of this recommendation, any party may file written

5

objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 24, 2011**                     /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE