# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SOSA,<br><br>            Plaintiff,<br><br>      v.<br><br>GIL RUBIO, dba CARNICERIA &<br>TAQUERIA MEXICO; HARPREET KAUR,<br><br>            Defendants. | 10-cv-01446-LJO-BAM<br><br><br>ORDER GRANTING MOTION TO<br>WITHDRAW AS COUNSEL OF RECORD<br><br>(Documents 39, 40) |

## **INTRODUCTION**

Pending before the Court are the motions of attorney Steven A. Geringer ("Counsel") to withdraw as counsel of record for defendants Gil Rubio, dba Carniceria & Taqueria Mexico ("Rubio," Doc. 39) and Harpreet Kaur ("Kaur," Doc. 40) (Rubio and Kaur are collectively referred to as the "Defendants").  No opposition to the Motions were filed.  The Motions were heard on November 10, 2011, at 9:30 AM, before the United States Magistrate Judge Barbara A. McAuliffe. Steven A. Geringer appeared on behalf of the Defendants.  No other appearances were entered.   Having considered the moving papers, argument presented at the hearing on November 10, 2011, as well as the Court's file, the motion is GRANTED.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 12, 2010, Plaintiff Jesus Sosa ("Plaintiff") filed a Compliant against Defendants seeking damages and injunctive relief pursuant to the Americans with Disabilities Act, California Civil Code sections 51, 54 and 54.1, and the California Health and Safety Code. (Pl.'s Compl., ¶ 2, Doc. 2.)   Plaintiff, a disabled wheelchair user, alleged that Defendants operate a store and restaurant located in Madera, California. *Id.* at ¶ 1.  According to the Complaint, on an unidentified date, Plaintiff went to the Carniceria & Taqueria Mexico and encountered barriers associated with parking spaces, ramps, signs, doormats, toilet facilities, seating and access. *Id.* at ¶ 10.  The Complaint identifies approximately forty-seven separate "barriers." *Id.* Further, Plaintiff alleges that he is deterred from visiting the store and restaurant as a result. *Id.* at ¶ 11.   He contends that the barriers complained of are easy to remove, but Defendants have intentionally refrained from making the necessary alternations to comply with accessibility standards. *Id.* at ¶¶ 13-15. Plaintiff seeks an injunction, statutory damages, and attorney's fees and costs. *Id.* at 14: 4-12.

On November 16, 2010, Plaintiff filed a Request for Default against Defendant Kaur (Doc. 11) and Defendant Rubio. (Doc. 12.)  A Clerk's Entry of Default was entered against both Defendants on November 16, 2010.  (Doc. 13.)  Plaintiff moved for default judgment on December 6, 2010.  (Doc. 14.)  On January 4, 2011, Counsel made his first appearance in these proceedings and filed a motion to set aside the Clerk's Entry of Default.  (Doc. 17.)  On March 14, 2011, the Court denied Plaintiff's motion for default judgment and granted Defendants' motion to set aside the Clerk's Entry of Default.  (Doc. 24.)

On July 25, 2011, Counsel moved to withdraw as counsel fo record for the Defendants. (Docs. 33 & 34.)  Counsel's stated reason for the request was "that a conflict of interest has arisen wherein counsel cannot ethically continue to represent the interest of [the Defendants]." (Doc. 33, 2: 1-4; Doc. 34, 2: 2-4.)  On August 22, 2011, the Court issued a Minute Order denying Counsel's request to withdraw, stating that "the Certificate of Service attached to each motion reflects that only counsel for Plaintiff was served with the motion. . . . In the event defense counsel wishes to pursue withdrawl as counsel of record, he shall re-file his motion to comply

completely with Local Rule 182(d) and shall ensure adequate notice and proof thereof is provided." (Doc. 35.) Counsel re-filed his motions to withdraw as counsel of record for Defendants Kaur and Rubio on September 16, 2011. (Docs. 39 and 40, respectively.) Counsel represents that "a conflict of interest has arisen wherein counsel cannot ethically continue to represent the interest of [the Defendants]." (Doc. 39, 2: 1-2; Doc. 40, 2: 1-3.)

## DISCUSSION

Local Rule 182(d) provides:

> Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other persons who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 180(d).

Rule 3-700(A)(2) of the California Rules of Professional Conduct provides that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),[1] and complying with applicable laws and rules." Additionally, the ABA's Model Rule of Professional Conduct 1.7(a) provides: "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: ... there is a significant risk that the representation of one or more clients will be materially limited ... by a personal interest of the lawyer."

---

[1] Section 3-700(D) pertains to returning property and funds to clients.

    Counsel's has submitted supplemental declarations in support of his Motions to withdraw stating that there has been a breakdown of communication between Counsel and Defendant. (Doc.'s 44 & 45.) According to Counsel, Defendants Rubio and Kaur have "fail[ed] to keep in contact" with Counsel, "ha[ve] not taken any steps to be involved in the defense or in attempting to resolve the pending litigation" and that Defendants "ha[ve] failed to conduct any of [the] necessary studies of the property." (Doc. 44, ¶¶ 3-4; Doc. 45, ¶¶ 3-4. ) At the hearing, Counsel reiterated his difficulties in establishing contact with both Defendants.  Additionally, Counsel argued that because he could not contact his clients and instruct them to perform certain tasks necessary to Counsel's ability to defend this case, Counsel became incapable of representing Defendants.

    Counsel notified Defendants of the Motions to Withdraw and served her with a copy of the motion. (Doc.'s 39 & 40.) Additionally, Defendants have been on notice since at least July 25, 2011, that Counsel believed a conflict of interest existed which required Counsel's withdrawal from representation. (Doc.'s 33 & 34.)  Defendants have had ample opportunity to locate new representation since learning of Counsel's desire to withdraw.   Moreover, this litigation is in its early stages.  Therefore, the risk of prejudice to Defendants is minimal if this motion is granted.

## **CONCLUSION**

    Given the fact that there has been no opposition to this Motion, and that there is minimal prejudice to Defendants, the Motions are GRANTED.   Defendants Rubio and Kaurare advised that they are responsible for obtaining new counsel.  The Clerk is advised that the last known address for Gil Rubio is 222 South Gateway Drive, Madera, California 93637.  The Clerk is further advised that the last known address for Harpreet Kaur is 3297 Fairway Avenue, Madera, California 93637.

IT IS SO ORDERED.

Dated:   November 14, 2011             /s/ Barbara A. McAuliffe
                                           UNITED STATES MAGISTRATE JUDGE